|  94 | 351 |
| 103 | 392 |
|  94 | 351 |
| 142 | 591 |

SAMUEL MELLINGER, Appellant, v. SAMUEL B. HUNT, Sheriff.

**Wrongful Levy: INSTRUCTIONS**   It was claimed that oils seized on the premises of a firm, on writ of attachment against it, were the property of plaintiff.   Plaintiff's son was a member of said firm. It was also claimed that the oil in question was bought for plaintiff by said firm and used to replace oil that the firm had borrowed of him.   It appeared that plaintiff was unknown in the purchase, and that the firm bought sixty barrels while only twenty-five barrels had been borrowed of plaintiff.   Bad faith is charged.   *Held,* an instruction, that such relationship invites careful scrutiny of the transaction, but if after careful consideration, it appears to have been made in good faith, relationship will not render it less binding than similar transactions between persons not related, is proper and does not charge that a presumption of fraud arises from the relationship.   *Allen v. Kirk,* 81 Iowa, 658, *distinguished.*   It is also proper to charge that the transaction must have been *bona fide* in order to vest title in plaintiff.   And an instruction, that unless the firm stored the oil purchased for plaintiff, apart from its oil "so that it could be readily distinguished from the same, and designated as plaintiff's property," it did not belong to plaintiff, is proper.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

SATURDAY, APRIL 6, 1895.

Action to recover damages for the alleged wrongful taking of twenty-four barrels of linseed oil, the property of the plaintiff, by the defendant, as sheriff, under an execution in favor of H. S. Clark & Co. against Mark & Mellinger, as the property of said Mark & Mellinger.   Verdict and judgment in favor of the defendant.   Plaintiff appeals.—*Affirmed.*

*Power, Huston & Power* for appellant.

*S. L. Glasgow* for appellee.

Given, C. J.—I. The errors assigned relate solely to certain instructions given and refused. Only part of the evidence is set out, but sufficient, we think, for an understanding of the questions discussed. The controlling issue, as correctly stated by the court, is "as to whether or not, at the time of the said seizures, the plaintiff was the actual owner of the said property seized." There was evidence tending to show that some time prior to July 21, 1893, plaintiff, through Mark & Mellinger, purchased from Clark & Co. sixty barrels of linseed oil, which were stored in the back cellar of the premises occupied by Mark & Mellinger, apart from their oils; that, Mark & Mellinger being out of oil, it was agreed between the plaintiff and Mellinger, of said firm, son of the plaintiff, that said firm might take of plaintiff's oil, and replace the same with oil of the same kind and quality; that in pursuance of said arrangement Mark & Mellinger did, from time to time, take of plaintiff's oil to the amount of twenty-five barrels. Some time prior to July 21, 1893, Mark & Mellinger purchased other oils from Clark & Co., and it is claimed by plaintiff that the oil borrowed from him was replaced by the twenty-four barrels seized by the defendant, and by payment for one barrel. Defendant contends that the sixty barrels of oil were not purchased by the plaintiff from Clark & Co., but by Mark & Mellinger, and that neither said sixty barrels nor the twenty-four barrels in question were ever separated from the property of Mark & Mellinger, and never became the property of the plaintiff. It appears that the transaction between plaintiff and

Mark & Mellinger was with plaintiff's son, F. M. Mellinger, of said firm. The defendant questions the integrity and fairness of the transaction as claimed by plaintiff.

II. Appellant's ownership of the property in question rests upon the alleged transactions with his son and the *bona fides* thereof. The court, after instructing the jury to consider all the facts and circumstances relating to said transactions, added as follows: "And so far as the dealings in controversy appear to have been between the plaintiff and his son, F. M. Mellinger, of the said firm of Mark & Mellinger, such relationship would invite your careful scrutiny of the transactions in question. But if, after receiving your careful attention, they appear by a fair preponderance of the evidence to have been honestly conducted and in good faith, for the purposes claimed, the fact of said relationship will not render them less binding or effective than similar transactions between persons not related." Appellant cites *Allen v. Kirk*, 81 Iowa, 658, wherein it is said: "We are aware of no law which prevents friends and relatives from buying and selling between each other, or that creates any presumption of fraud from the mere fact of their dealing. When fraud is charged, the relationship of the parties is proper to be considered." The instruction complained of, recognizes the right of these relatives to buy and sell between each other. It does not inform the jury that any presumption of fraud arises from the fact of their relationship, but simply that that relationship should invite "careful scrutiny of the transactions." While possibly this instruction gives more emphasis to the fact of relationship than was given in the case cited, we think, in view of the issues and facts to which it was addressed, there was no error in the instruction. Paragraph 10, asked by

appellant and refused, is a correct statement of the law, and we think is substantially embraced in that given by the court.

III. Appellant's claim to the twenty-four barrels in dispute rests upon his having been the owner of the sixty barrels. Appellee denies that he ever became the owner of the sixty barrels, and the court instructed, in substance, as follows: That plaintiff had a right to make the purchase through Mark & Mellinger; that if they purchased the sixty barrels for him, and the price was paid, and the oil stored on their premises apart from their own merchandise, so "that it could be readily distinguished from the same, and designated as plaintiff's property, then it will be proper for you to find that the said sixty barrels of oil * * * were the property of the plaintiff." Appellant complains of that part of the instruction which charges the jury that the sixty barrels must have been so separated that they could be readily distinguished from the stock of Mark & Mellinger, and designated as plaintiff's property. If appellant was unknown to Clark & Co. in the purchase of the sixty barrels, which seems to have been the fact, and was a purchaser from Mark & Mellinger, to whom he claims to have made payment, then the title to the sixty barrels passed to Mark & Mellinger upon the purchase from Clark & Co. Although Mark & Mellinger made the purchase at the instance of appellant, and for him, title to the goods did not pass to him until delivery; that is, until the sixty barrels were separated from the other merchandise of Mark & Mellinger, and set apart for the appellant. If, as there was evidence tending to show, Mark & Mellinger, on receipt of the sixty barrels, allowed the same to be mingled with other like barrels, and did not in any way set them apart as plaintiff's, then it cannot be said that title had

passed to the appellant in the sixty barrels. It is not a question as to whether plaintiff allowed his property to be mingled with the property of Mark & Mellinger, but whether the sixty barrels had become the property of the plaintiff. We think the instruction as applied to the facts is correct. The court applied the same rule as to the question whether the twenty-four barrels in controversy had been so set apart as to have become the property of appellant. After instructing as to the setting apart of the twenty-four barrels, the court directed that, if the jury found the transaction was conducted honestly and in good faith, a good title would thereby be vested in the plaintiff, and that he would have the right to hold the oil set apart to replace that borrowed of him. Appellant complains of that part of the instruction which directs the jury that it must find that the transaction was conducted honestly, and in good faith. This instruction was called for by the issue as to whether the transaction was honest and in good faith. Appellant's exceptions to other instructions are based upon the assumption that he was the owner of the twenty-four barrels of oil in dispute, while, as we view it, the contentions are whether the transactions through which he claimed to have become such owner occurred; whether they were honest and in good faith, so as to entitle him to twenty-four barrels of oil; and whether these twenty-four barrels had been so set apart as to have become his property before the levy. Thus viewed, we think the instructions complained of are correct. The instructions asked by appellant, and refused, are substantially embraced in those given. We find no prejudicial error, and the judgment of the district court is *affirmed*.